```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION


JOHN FERRARI and FERRARI,       §
BOAT CHARTERS, LLC              §
                                §
            Plaintiff,          §
                                §
v.                              §
                                §    CIVIL ACTION NO. H-05-2612
KOHLER CO.,                     §
                                §
            Defendant.          §
```

## MEMORANDUM OPINION AND ORDER

Pending before the court are Defendant's Motion for Summary Judgment (Docket Entry No. 13) and Defendant's Motion to Strike Plaintiff's Testifying Expert (Docket Entry No. 11). For the reasons stated below, Defendant's Motion for Summary Judgment will be granted and its Motion to Strike will be denied as moot.

### I. Background

Plaintiff John Ferrari purchased a boat containing a generator set made by defendant Kohler Co. on August 27, 2002. Kohler did not design the boat or install the generator set. Plaintiffs used the boat as a commercial charter boat and employed charter boat captain James ("Jim") Harrison to oversee the boat's maintenance and to provide captain services for charter trips. The generator set came with Kohler's Marine Limited Warranty (the "Warranty") which states:

. . . Kohler Co. warrants . . . each product to be

>free from defects in materials and workmanship. Repair, replacement, or appropriate adjustment at Kohler Co.'s option will be furnished if the product, upon Kohler Co.'s inspection, is found to be properly installed, maintained, and operated in accordance with Kohler Co.'s instruction manuals. This warranty does not apply to malfunctions caused by damage, unreasonable use, misuse, repair or service by unauthorized persons or normal wear and tear.
>
>. . .
>
>The following will not be covered by the warranty: . . . (3) Damage caused by accidents, improper installation or handling . . . [or] (4) Damage caused by water ingestion.
>
>. . .
>
>KOHLER CO. SHALL NOT BE LIABLE FOR SPECIAL, INCIDENTAL, OR CONSEQUENTIAL DAMAGES OF ANY KIND. . . .
>
>This is our exclusive written warranty.  We make no other express warranty, nor is anyone authorized to make any on our behalf.[1]

Plaintiffs allege that they began experiencing problems with the generator in May of 2003 (resulting in replacement of the impeller) and that the generator failed on or about August 16, 2003.[2] After failing to obtain payment from defendant under the Warranty, plaintiffs filed this action in state court alleging breach of warranty under the Texas Deceptive Trade Practices Act

---

[1]Plaintiff's Original Petition, Docket Entry No. 1, Exhibit A.

[2]Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, Docket Entry No. 15, p. 2.

(DTPA) and breach of contract.[3] Plaintiffs seek damages for the costs of repairs and/or replacement parts, lost profits, loss of business opportunities, and loss of benefit of the bargain.[4] Defendant removed the action to this court and filed a motion for summary judgment and a motion to strike plaintiffs' expert witness Jim Harrison.

## II.  Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party. Id. at 2511.

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex

---

[3] Defendant's Motion for Summary Judgment, Docket Entry No. 13, Exhibit 2, pp. 3, 5.

[4] Id. at p. 6.

-3-

Corp., 106 S. Ct. at 2553.  In response to such a showing, the nonmoving party must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating the existence of genuine issues of material fact that must be resolved at trial.  Id.  While expert witness testimony is often used to satisfy the nonmovant's burden, "there is a level of conclusoriness below which an affidavit must not sink if it is to provide the basis for a genuine issue of material fact." Orthopedic & Sports Injury Clinic v. Wang Laboratories, Inc., 922 F.2d 220, 224 (5th Cir. 1991) (internal quotations omitted). "Unsupported affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." Shaboon v. Duncan, 252 F.3d 722, 736 (5th Cir. 2001) (quoting Orthopedic & Sports Injury Clinic, 922 F.2d at 225).  "To be considered on summary judgment, an expert's affidavit must include materials upon which the expert based his opinion, as well as an indication of the reasoning process underlying the opinion."  Celestine v. Petroleos de Venezuella SA, 266 F.3d 343, 357 (5th Cir. 2001).

### III. Analysis

In order to prevail on a claim for breach of express warranty under the Texas DTPA plaintiffs must prove (1) that he or she is a consumer, (2) a warranty was made, (3) the warranty was breached, and (4) as a result of the breach, an injury resulted.  U.S. Tire-

Tech, Inc. v. Boeran, B.V., 110 S.W.3d 194, 197 (Tex. App.—Houston [1st Dist.] 2003, pet. denied); see Tex. Bus. & Com. Code Ann. § 17.50(a)(2) (Vernon 2006).  Breach of express warranty at common law requires plaintiff to prove: (1) a warranty was made; (2) that such warranty became a part of the basis of the bargain; (3) that the plaintiff relied upon said warranty; (4) that the goods failed to comply with the warranty; (5) that the plaintiff was injured by such failure; and (6) that such failure was the proximate cause of plaintiff's injury.  See, e.g., Great Am. Prods. v. Permabond Int'l, 94 S.W.3d 675, 681 (Tex. App.—Austin 2002, no pet.).

For summary judgment purposes defendant concedes that plaintiffs are consumers under the Texas DTPA, that a warranty was made, and that plaintiffs suffered damages.[5]  Both parties agree that the warranty governing this dispute is defendant's Marine Limited Warranty and neither argue that any other warranty applies.[6]

Defendant argues that summary judgment is appropriate because plaintiffs have not presented any evidence of a defect in materials or workmanship in the generator set and have therefore failed to present a genuine issue of material fact with regard to defendant's

---

[5]Defendant's Motion for Summary Judgment, Docket Entry No. 13, p. 6 ¶ 5.03.

[6]Defendant's Motion for Summary Judgment, Docket Entry No. 13, pp. 6-7; Plaintiff's Original Petition, Docket Entry No. 1, p. 11.

breach of the Warranty.[7]  The Warranty promises that the generator set will be "free from defects in materials and workmanship."[8]  To prove breach of warranty plaintiffs must show that the generator set was defective.

In support of its motion defendant points out that plaintiffs' only evidence of a defect is the fact that the generator stopped working and the conclusory opinion of charter boat captain Jim Harrison that a defect caused the generator to malfunction.[9]  Defendant also points to the affidavit of its own expert witness, who opines that there is no evidence of a defect and that the malfunction was likely caused by improper installation and by a design defect of the boat itself.[10]  In Celotex terms, defendant has met its initial summary judgment burden.

The burden thus shifts to plaintiffs to show the existence of a genuine dispute of a material fact to be resolved at trial.  In their response plaintiffs argue that direct evidence or expert

---

[7] Defendant's Motion for Summary Judgment, Docket Entry No. 13, pp. 6-7.  Defendant also argues that plaintiffs have no proof of reliance.

[8] Plaintiff's Original Petition, Docket Entry No. 1, Exhibit A.

[9] Defendant's Motion for Summary Judgment, Docket Entry No. 13, pp. 3, 5.

[10] Defendant's Motion for Summary Judgment, Docket Entry No. 13, Affidavit of Dennis Christian, Exhibit 1, pp. 5-6.

testimony are not required to prove the existence of a defect.[11] Instead, plaintiffs contend that a defect may be proven by showing (1) plaintiffs' proper use of the product and (2) the subsequent malfunction of the product.[12]  While the Texas Supreme Court has stated that such a showing "<u>may</u> be sufficient evidence of a defect" (<u>Plas-Tex, Inc. et al. v. U.S. Steel Corp.</u>, 772 S.W.2d 442, 444 (Tex. 1989) (emphasis added)),  the Court recently recognized, in commenting on the Restatement (Third) of Torts: Products Liability § 3 (1998), that one cannot infer a product defect from mere malfunction without proof of a specific product defect unless the product is "new or almost new."  <u>Ford Motor Co. v. Ridgway</u>, 135 S.W.3d 598, 601 (Tex. 2004).  The Court also emphasized the importance of ruling out other possible causes of the malfunction in making this showing.  <u>Id.</u>  See also <u>Nissan Motor Co., Ltd. v. Armstrong</u>, 145 S.W.3d 131, 137 (Tex. 2004) ("We recently held in <u>Ford Motor Co. v. Ridgway</u> that an engine fire in an older vehicle was not evidence that the vehicle was defective; there were simply

---

[11]Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, Docket Entry No. 15, pp. 6-7.  Plaintiffs also argue that defendant's repeated denials of plaintiffs' claim for repair or replacement under the Warranty constitutes a violation of the DTPA.  <u>Id.</u> at p. 5.  However, plaintiffs provide no evidence that such denials constitute "knowingly false or misleading statements of fact concerning the need for parts, replacement, or repair service" under Tex. Bus. & Com. Code §§ 17.46(a) and (b)(13) (Vernon 2006).

[12]Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, Docket Entry No. 15, pp. 6-7.

too many potential causes to assume from the one that the other must have been the culprit.  Instead, we held that a specific defect must be identified by competent evidence and other possible causes must be ruled out.") (internal citations omitted); <u>Williams v. Genie Indus. et al.</u>, 2005 WL 1606927, at *6 (S.D. Tex. July 5, 2005) (holding that plaintiff's expert report was insufficient evidence of defect where it did not rule out other possible causes of the accident).

In this case plaintiffs owned the boat for nearly a year before the generator was replaced.  The generator was not installed by defendant and the impeller had been replaced in May 2003.  The generator was thus several steps removed from defendant's hands, creating other possible causes for the malfunction and making the inference of a defect more attenuated.  This case is distinguishable from cases in which circumstantial evidence was held to be sufficient.  <u>See, e.g.</u>, <u>Darryl v. Ford Motor Co.</u>, 440 S.W.2d 630, 632 (Tex. 1969) (basing the inference of defect on the fact that "the product involved comes in a sealed container", which eliminated other possible causes of the failure); <u>Barnett v. Ford Motor Co.</u>, 463 S.W.2d 33, 35 (Tex. App.—Waco 1970, no writ) (basing the inference of defect on the fact that "plaintiff was in possession of the automobile only a week" and "had not altered" the parts that failed from the condition delivered by the defendant).  The court concludes that inferring the existence of an unspecified

defect is not appropriate where, as in this case, there are other possible causes for the generator's malfunction. Evidence of proper use and a malfunction is therefore insufficient to survive defendant's motion for summary judgment.

Plaintiffs' remaining evidence is also insufficient to survive defendant's summary judgment motion. The affidavit of Jim Harrison, plaintiffs' expert witness, offers little more than a conclusory opinion that the generator's malfunction was due to "a manufacturer's defect in workmanship and/or design."[13] Mr. Harrison does not state what such a defect might be, nor does he rule out other possible causes of the malfunction. The court concludes that Mr. Harrison's affidavit is too conclusory to provide a basis for a genuine issue of material fact. See Orthopedic & Sports Injury Clinic, 922 F.2d at 224. Similarly, plaintiffs' repair receipts do not provide any evidence of a defect in the generator. None of these receipts indicate the source of the problems with the generator, nor do they eliminate other potential causes.

### IV. Conclusion and Order

For the reasons stated above, the court concludes that summary judgment is warranted. Defendant's Motion for Summary Judgment (Docket Entry No. 13) is therefore **GRANTED**. Because summary

---

[13] Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, Docket Entry No. 15, Exhibit 3, Affidavit of James Harrison p. 4.

judgment is appropriate even assuming that plaintiffs' evidence is admissible, Defendant's Motion to Strike Plaintiffs' Testifying Expert (Docket Entry No. 11) is **DENIED AS MOOT.**

**SIGNED** at Houston, Texas, this 17th day of October, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE
